# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01907-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

*v.*

*SANDY ROBERTS*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/28/2015 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY LOUIS SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DARRELL CLAYTON BAUGHN |
| ATTORNEY FOR APPELLEE: | SANDY ROBERTS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 02/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.

### BEAM, JUSTICE, FOR THE COURT:

¶1.    The Mississippi Department of Corrections (MDOC) appeals from the Sunflower County Circuit Court's order mandating that Sandy Roberts, an inmate in the custody of MDOC, be issued a parole case plan pursuant to Mississippi Code Section 47-7-3.1. *See* Miss. Code Ann. § 47-7-31 (Rev. 2015).  Finding that Roberts is not entitled to a parole case plan, we reverse the circuit court's order and render judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.    Roberts was convicted in 1978 of capital murder and two counts of armed robbery. He was sentenced to life in prison for the capital-murder conviction and thirty years for each

armed robbery conviction. Roberts's parole eligibility date was in 1997, and he has been incarcerated since his commitment.

¶3.     In June 2015, Roberts filed a "first-step" request with MDOC's administrative remedy program (ARP), asserting that he should be issued a parole case plan due to statutory provisions passed in House Bill 585 (HB 585), which went into effect July 1, 2014. In response, MDOC said that Roberts is ineligible to receive a parole case plan because he was sentenced in 1978, and HB 585 did not go into effect until 2014 and is not retroactive.

¶4.     Roberts proceeded to the ARP's "second-step" process, in which he again requested that he be given a parole case plan. MDOC denied his request on the same basis.

¶5.     Roberts appealed MDOC's decision to the Sunflower County Circuit Court. The circuit court reversed MDOC's decision and ordered MDOC to provide Roberts with a parole case plan pursuant to Section 47-7-3.1. MDOC appeals that decision to this Court.

## DISCUSSION

¶6.     We addressed this exact issue in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016), which handed down on December 8, 2016. There, as here, MDOC denied inmate Michael Drankus's ARP request(s) that he be issued a parole case plan under newly enacted Section 47-7-3.1. Drankus appealed MDOC's decision to the Sunflower County Circuit Court, which reversed MDOC's decision and ordered that Drankus be issued a case plan. MDOC appealed to this Court.

¶7.     We reversed the circuit court's order and rendered judgment in favor of MDOC's decision. Construing certain provisions in HB 585, we found that MDOC's interpretation

2

of Section 47-7-3.1 was reasonable and not inconsistent with statute's language and ascertainable legislative intent. We concluded that, "[b]ecause Section 47-7-3.1 does not clearly and unequivocally express an intention for retroactive applicability, we cannot say that Section 47-7-3.1 applies to Drankus."

¶8. We find the same here.

## CONCLUSION

¶9. For these reasons, we reverse the Sunflower County Circuit Court's order requiring that Roberts be issued a parole case plan under Section 47-7-3.1 and render judgment in favor of MDOC's ARP decision.

¶10. **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**